EUGENE McCAUSLAND *vs.* BOARD OF APPEALS OF
SALISBURY.

Essex.    April 11, 1978. — April 26, 1978.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Zoning,* Lot. *Words,* "Lot."

An exception to the density regulations in a town's zoning by-law
    referred only to minimum lot sizes in a particular zoning district,
    and, consequently, the by-law did not permit installation of a sec-
    ond floor apartment in a dwelling house located in the district.
    [289–290]

CIVIL ACTION commenced in the Superior Court on Sep-
tember 11, 1975.

The case was heard by *Bennett, J.*

*George W. Clark, Jr.,* for the defendant.

*Reginald L. Marden* for the plaintiff.

GRANT, J. The plaintiff is the owner of a 6,000 square
foot lot of land lying in the Salisbury Beach zoning dis-
trict of the town of Salisbury on which there are located
a single family dwelling house and a garage building in
which the plaintiff proposes to install a second floor
apartment for dwelling purposes. The plaintiff appealed
to the Superior Court from a decision of the board of
appeals (board), rendered under G. L. c. 40A, § 15(1) (as in
effect prior to St. 1975, c. 808, § 3), to the effect that the
proposed apartment is not permitted under the provi-
sions of the zoning by-law. Judgment was entered annull-
ing the decision of the board, which has now appealed to
this court.

We commence our discussion with a summary of the
relevant provisions of the by-law. Section I ("Establish-
ment of Districts") divides the town into two zoning dis-

tricts: "A. Salisbury Beach" and "B. Central District." Section II ("Use Regulations") A ("Definitions") 1 reads: "Lot—Any piece of land used or designed for use as the location of *a* residence or building" (emphasis supplied). Section IV ("Area Regulations") commences: "A. The minimum areas of residential building lots and the minimum frontages of residential building lots shall be as follows . . . 1. In the Salisbury Beach District — No requirements. 2. In the Central District — 20,000 square feet of area with a minimum of 100 feet frontage. B. No residential building shall contain less than 750 square feet . . . ." Paragraph C of § IV consists of setback regulations. Section IV concludes: "D. No more than one single family dwelling unit shall be constructed on a lot containing 20,000 square feet or more as required by paragraph 2 above. This paragraph shall not affect the Salisbury Beach District *insofar as area requirements*, however, the requirements of paragraphs B and C above must be met for area and set back regulations" (emphasis supplied).

1. A perusal of the by-law as a whole and of the various paragraphs of § IV in particular discloses a legislative compromise between a desire to establish comprehensive density regulations which would apply throughout the town and a recognition of the practical impossibility (very likely for historical reasons) of regulating minimum lot sizes in the Salisbury Beach area. Thus, § II A 1, which applies in both zoning districts, defines a lot in terms of its use for "a" (singular) residence or building; § IV A 2 establishes minimum lot area and frontage requirements in the central district; § IV B establishes a minimum number of square feet of living area for each residential building in either district; and § IV C establishes minimum setbacks in both districts.

The first sentence of paragraph D of § IV introduces an express prohibition against the construction of more than one single family dwelling unit on a lot. If that sentence stood alone, its prohibition would apply only in the central district because that is the only district in which a lot

is required to have a minimum of 20,000 square feet of land. But that sentence does not stand alone; it is followed immediately by the second sentence of the same paragraph, a sentence which is obviously addressed to the requirements which will apply in the beach district. The first clause of the second sentence reads, "This paragraph shall not affect the Salisbury Beach District *insofar as area requirements*" (emphasis supplied), while the second clause of the same sentence provides that the requirements of the preceding paragraphs B (minimum number of square feet of living space for each residential building) and C (setback regulations) shall both apply in the beach district. The words "insofar as area requirements" which appear in the first clause of that sentence recognize the proposition, already reflected in § IV A 1 of the by-law, that lot sizes are not regulated in the beach district; when viewed in context, those words constitute an exception to the generality of the immediately preceding negative that "[t]his paragraph shall not affect the Salisbury Beach District"; and the antecedent of "[t]his paragraph" is a sentence which voices a prohibition against the construction of more than one dwelling unit on a lot. Unless we are to attribute no significance to the first clause of the second sentence of paragraph D, that clause must be taken as the expression of an intention that not more than one dwelling unit shall be located or constructed on a lot lying in the beach district. Any intention to the contrary could have been effectuated by the simple expedient of allowing the first sentence of that paragraph to stand alone, in which event its express wording would have confined its operation to the central district.

We conclude that the only sensible construction of the by-law as a whole is that all the density regulations found therein apply in the Salisbury Beach zoning district except the one pertaining to minimum lot sizes. Accordingly, we hold that the by-law does not permit the apartment proposed by the plaintiff.

2. We do not consider any of the plaintiff's arguments which are addressed to the validity of the by-law for the reason that the trial judge has recited in his findings that it was stipulated in open court that the only question to be resolved was the proper interpretation of § IV D of the by-law.

The judgment is reversed, and a new judgment is to be entered which declares that the decision of the board of appeals was not in excess of its authority and is correct.

*So ordered.*